**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:12-cr-00011-JMS-CMM |
| ) | |
| ALYSSA CHEESEMAN, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

A hearing was convened on September 26, 2018, on the Petition for Summons for Offender Under Supervision filed on September 5, 2018. Defendant, Alyssa Cheeseman appeared in person with FCD counsel, Joseph Cleary. The government appeared by Bradley Blackington, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jennifer Considine.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant of her rights and provided her with a copy of the petition. Defendant orally waived her right to a preliminary hearing.

2. After being placed under oath, Defendant admitted violation number 1. [Docket No. 66].

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

        On August 24, 2018, Ms. Cheeseman submitted a drug test that returned positive for opiates. On August 30, 2018, this officer confronted her about these results and she was initially dishonest about having a prescription for the medication. After being questioned with the validity of her claim, Ms. Cheeseman admitted to taking her mother's prescription pain medication.

        As previously reported to the Court, Ms. Cheeseman tested positive for cannabinoids on January 19, and February 5, 2018, and then tested positive for amphetamines and cannabinoids on June 26, 2018.

4. The parties stipulated that:

    (a)    The highest grade of violation is a Grade B violation.

    (b)    Defendant's criminal history category is V.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months imprisonment.

5.     Parties jointly recommended that the terms of supervised release be modified to require defendant to reside at a residential reentry center for a period of 120 days, with supervised release to continue through March 17, 2019. The recommended assignment is to Volunteers of America, Evansville, Indiana

    The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that her supervised release should be modified, and that she shall reside at a residential reentry center for a period of 120 days with supervised release to continue through March 17, 2019. Defendant shall cooperate with the Volunteers of America

personnel and abide by all of its rules. All of these terms are added to the terms of conditions of release.

The Defendant shall report to the residential reentry center as directed by the Probation Officer in the event the District Judge's approves this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. Both parties waive the 14 days to serve and file written objections with the District Judge.

Dated: September 26, 2018

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal